# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

## AT JACKSON

## AUGUST 1997 SESSION

FILED

March 13, 1998

Cecil Crowson, Jr.
Appellate Court Clerk

| | | |
|---|---|---|
| REGINALD D. TUTTON, | ) | NO. 02C01-9610-CR-00351 |
| Appellant, | ) | |
| | ) | SHELBY COUNTY |
| VS. | ) | |
| | ) | HON. L. T. LAFFERTY, |
| STATE OF TENNESSEE, | ) | JUDGE |
| | ) | |
| Appellee. | ) | (Post-Conviction) |

**FOR THE APPELLANT:**

A. C. WHARTON, JR.
Shelby County Public Defender

WALKER GWINN (on appeal)
CHARLES D. WRIGHT (at hearing)
Assistant Public Defenders
Criminal Justice Complex, Ste. 201
201 Poplar Street
Memphis, TN  38103-1947

**FOR THE APPELLEE:**

JOHN KNOX WALKUP
Attorney General and Reporter

CLINTON J. MORGAN
Assistant Attorney General
Cordell Hull Building, 2nd Floor
425 Fifth Avenue North
Nashville, TN  37243-0493

WILLIAM L. GIBBONS
District Attorney General

CHARLES W. BELL, JR.
Assistant District Attorney General
Criminal Justice Complex
Suite 301
201 Poplar Street
Memphis, TN  38103-1947

**OPINION FILED:** _____

**AFFIRMED**

**JERRY L. SMITH,**
**JUDGE**

# OPINION

The petitioner, Reginald D. Tutton, appeals the denial of his petition for post-conviction relief by the Criminal Court of Shelby County. Petitioner is serving consecutive sentences of 35 years and 12 years for the offenses of attempted first degree murder and rape, respectively. Two (2) issues are presented for our review; to-wit:

> (1) whether the indictment was deficient for failing to properly allege the *mens rea*, and
>
> (2) whether petitioner received ineffective assistance of counsel.

After reviewing the record, we affirm the judgment of the trial court.

## I

The first count of the indictment alleged that the defendant committed the offense of aggravated rape in that he "did unlawfully sexually penetrate and cause bodily injury to [the victim]." Although convicted by the jury of the charged offense of aggravated rape, this Court on direct appeal reduced the conviction to simple rape. *See* State v. Reginald Tutton, C.C.A. No. 02C01-9210-CR-00238, Shelby County (Tenn. Crim. App. filed November 3, 1993, at Jackson). The petitioner now contends the indictment was fatally defective by failing to allege the *mens rea* of the offense of aggravated rape.

State v. Hill, 954 S.W.2d 725, 729 (Tenn. 1997), upheld a similarly worded indictment. Likewise, we hold that the indictment in this case met the constitutional and statutory requirements of notice. This issue is without merit.

## II

Petitioner contends he received ineffective assistance of counsel. In his brief petitioner primarily complains that trial counsel failed to conduct an adequate pre-trial investigation. More specifically, he contends trial counsel was unable to locate

2

a non-family alibi witness. The trial court found that trial counsel attempted to locate this witness; petitioner could not point out where the witness lived; nor could counsel find any address of this person. The trial court found no deficient performance as a result of counsel's efforts. Nor do we.

Although not addressed in petitioner's brief, petitioner alleged in his petition some fourteen (14) additional instances illustrating ineffective assistance of counsel. The trial court filed excellent, detailed findings as to each of these allegations. The trial court concluded, after hearing the testimony of petitioner and his trial counsel, that none of the allegations had merit. We must agree.

### III

The trial judge's findings of fact on post-conviction hearings are conclusive on appeal unless the evidence preponderates otherwise. Butler v. State, 789 S.W.2d 898, 899-900 (Tenn. 1990); Adkins v. State, 911 S.W.2d 334, 354 (Tenn. Crim. App. 1995). The trial court's findings of fact are afforded the weight of a jury verdict, and this Court is bound by the trial court's findings unless the evidence in the record preponderates against those findings. Henley v. State, ___ S.W.2d ___ (Tenn. 1997); Dixon v. State, 934 S.W.2d 69, 72 (Tenn. Crim. App. 1996). This Court may not reweigh or reevaluate the evidence, nor substitute its inferences for those drawn by the trial judge. Henley v. State, ___ S.W.2d at ___; Massey v. State, 929 S.W.2d 399, 403 (Tenn. Crim. App. 1996); Black v. State, 794 S.W.2d 752, 755 (Tenn. Crim. App. 1990). Questions concerning the credibility of witnesses and the weight and value to be given to their testimony are resolved by the trial court, not this Court. Henley v. State, ___ S.W.2d at ___; Black v. State, 794 S.W.2d at 755. The burden of establishing that the evidence preponderates otherwise is on petitioner. Henley v. State, ___ S.W.2d at ___; Black v. State, 794 S.W.2d at 755.

This Court reviews a claim of ineffective assistance of counsel under the standards of Baxter v. Rose, 523 S.W.2d 930 (Tenn. 1975), and Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). The petitioner

3

has the burden to prove that (1) the attorney's performance was deficient, and (2) the deficient performance resulted in prejudice to the defendant so as to deprive him of a fair trial. Strickland v. Washington, 466 U.S. at 687, 104 S.Ct. at 2064; Goad v. State, 938 S.W.2d 363, 369 (Tenn. 1996); Overton v. State, 874 S.W.2d 6, 11 (Tenn. 1994).

## IV

Based upon the record, we concur fully in the findings and conclusions of the trial court. The petitioner has not met his burden of establishing that the evidence preponderates against those findings and conclusions.

The judgment of the trial court is AFFIRMED.

_____
**JERRY L. SMITH, JUDGE**

**CONCUR:**

_____
**DAVID G. HAYES, JUDGE**

_____
**THOMAS T. WOODALL, JUDGE**